In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3510

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LACRELLE J. CLAY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 07-CR-64 — **Rudolph T. Randa**, *Judge.*

ARGUED APRIL 29, 2014 — DECIDED May 29, 2014

Before BAUER, FLAUM, and KANNE, *Circuit Judges.*

FLAUM, *Circuit Judge.* LaCrelle Clay challenges his 24-month
term of reimprisonment for violating his conditions of
supervised release. Clay argues that the district court abused
its discretion by relying on a factor from the sentencing statute,
18 U.S.C. § 3553(a)(2)(A) — "the need for the sentence imposed
… to reflect the seriousness of the offense, to promote respect
for the law, and to provide just punishment for the

offense"—that is not listed in the statute governing post-revocation sentencing, 18 U.S.C. § 3583(e). We now join the majority of circuits that have addressed the question and conclude that consideration of § 3553(a)(2)(A) in revoking supervised release is not a procedural error. Accordingly, we affirm.

Clay's supervised release began in May 2013, after he served a seven-year sentence for possession with intent to distribute cocaine base and using a gun during a drug-trafficking crime. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c)(1)(A)(i). Within months, he was arrested twice for drug offenses and convicted of a new crime. The first arrest occurred in June: Clay fled on foot during a traffic stop outside his sister's residence and tried to hide a bag of marijuana in the house, where police officers found digital scales, plastic baggies, and a safe, all covered in marijuana residue. He pleaded no contest to a state charge of obstructing a police officer and received a year of probation and a suspended sentence of 60 days in jail. In September, Clay was arrested again during a traffic stop after police found what they believed to be synthetic marijuana stashed in his pants pocket and in the car's center console. He was issued a municipal citation.

In addition to those two incidents, Clay committed seven other violations of his supervised release between May and October. He continued using drugs, failed to take three drug tests, lied about his whereabouts, did not make a good-faith effort to find a job, did not cooperate with Racine County's Child Support Enforcement Office, failed to submit monthly supervision reports for May or June, and continued associating

with other felons (he had been sharing a ride with another felon during the September traffic stop).

The district court concluded that Clay's state conviction for obstructing an officer was a Grade B violation—which is defined as a crime punishable by more than one year in prison, *see* U.S.S.G. § 7B1.1(a)(2)—because Clay faced up to two years' imprisonment due to his status as a repeat offender. (Clay's other violations were classified as Grade C.) Based on the Grade B violation, *see* U.S.S.G. § 7B1.1(b), and Clay's criminal-history category of V, the recommended range was 18 to 24 months' imprisonment. *See* U.S.S.G. § 7B1.4.

The court revoked Clay's supervised release and sentenced him to 24 months. The district judge explained that he considered the usual sentencing factors, including the need "to reflect the seriousness of the offense, promote respect for the law, create a just punishment, provide adequate deterrence and protect the public from further crimes." *See* 18 U.S.C. § 3553(a)(2)(A)–(C). The judge noted that Clay had received a below-guidelines sentence in his underlying criminal case but then had "disregarded completely and totally" conditions of release imposed by the court. The judge rejected Clay's assertions that he had learned from his mistakes and was working to find a job, stating "[t]hat's what you told me at the original sentenc[ing]." Because Clay had received "a break the first time," the court reasoned that 24 months in prison was necessary to communicate the seriousness of Clay's violations and promote respect for the law.

On appeal Clay argues that the court abused its discretion by relying on § 3553(a)(2)(A), a subsection excluded from the

list of factors that courts may consider when revoking a term of supervision. Under 18 U.S.C. § 3583(e), the statute governing revocation, courts may consider "sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Clay argues that the district court erred by basing its resentencing decision almost entirely on factors listed in an excluded subsection, § 3553(a)(2)(A), which instructs courts to consider the seriousness of the offense, the need to promote respect for the law, and the need for just punishment.

Clay did not raise this § 3553(a)(2)(A) challenge in the district court, and the parties disagree about whether our standard of review should be for an abuse of discretion or plain error. *Compare United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009) (abuse-of-discretion standard applied when defendant argued for and gave reasons for lower sentence), *with United States v. Pitre*, 504 F.3d 657, 663–64 (7th Cir. 2007) (plain-error standard applied when defendant did not challenge district court's lack of explanation for a term of imprisonment above the range recommended in U.S.S.G. § 7B1.4). But we need not resolve the disagreement because Clay's argument fails under either standard.

We have not previously addressed the extent to which district courts may consider § 3553(a)(2)(A) when revoking supervised release. But we now join the majority of circuits that have faced this issue and rule that this subsection may be considered so long as the district court relies primarily on the factors listed in § 3583(e), including the nature and circumstances of the violations, the history and characteristics of the defendant, the need to protect the public, and the need for adequate deterrence. As those circuits have noted, there is

significant overlap between these factors and § 3553(a)(2)(A): the "nature" of a violation includes its "seriousness," *see United States v. Young*, 634 F.3d 233, 241 (3d Cir. 2011); *United States v. Lewis*, 498 F.3d 393, 400 (6th Cir. 2007); *United States v. Williams*, 443 F.3d 35, 47–48 (2d Cir. 2006), and "promot[ing] respect for the law" is a means of deterring future violations, *see United States v. Webb*, 738 F.3d 638, 641–42 (4th Cir. 2013); *United States v. Vargas-Davila*, 649 F.3d 129, 131–32 (1st Cir. 2011).

By contrast, two circuits bar consideration of § 3553(a)(2)(A) because Congress excluded it from the list of relevant factors in § 3583(e). *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011); *United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009). But the Sentencing Commission's introduction to chapter 7 of the guidelines explains that the reason courts should not focus on § 3553(a)(2)(A) in revocation hearings is the provision's "just punishment" clause; revocation is a sanction for violating the terms of supervision, not punishment for a new crime. *See* U.S.S.G. ch. 7, pt. A, 3(b); *cf. United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) ("[T]he difference between sanctioning a supervised release violator for breach of trust and punishing him in order to promote respect for the law is subtle indeed.").

The district court did not abuse its discretion by imposing a term of 24 months—which was within the range recommended by the policy statements in § 7B1.4 —because the court primarily relied on factors listed in § 3553(a)(1), namely, the defendant's personal characteristics and the nature of his violations. First, the court discussed Clay's new criminal conviction and eight other violations and noted Clay's poor

response to supervision. Second, the judge explained that this misconduct was particularly egregious because Clay, who had been age 21 at the time of his original sentencing, had received a sentence six months below the guidelines range in order to help him learn from his mistakes. *See* U.S.S.G. § 7B1.4 cmt. n.4 (noting that an "upward departure may be warranted" if defendant violates supervised release after receiving a below-guidelines sentence). Although the judge referred to "just punishment," his remarks in context appropriately describe a sanction that conveys the importance of obeying conditions of supervised release. The judge's decision to reimprison Clay for 24 months for repeated, flagrant violations was not "fundamentally wrong, arbitrary, or fanciful," *United States v. Paul*, 542 F.3d 596, 599 (7th Cir. 2008), and thus not an abuse of discretion, *see United States v. Musso*, 643 F.3d 566, 570–71 (7th Cir. 2011) (revocation sentence justified by repeated violations); *United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008) (same); *United States v. Salinas*, 365 F.3d 582, 589–90 (7th Cir. 2004) (same).

AFFIRMED.