SYKES, Circuit Judge.
Gregory Phillips and Shaon Arch violated the conditions of their supervised release and were returned to court for revocation proceedings. The district judge sent them back to prison based in part on the need to “hold [them] accountable for [their] actions.” Although their cases are otherwise unrelated, they raise the same issue on appeal, so we have consolidated them for decision. The defendants argue that because “accountability” is not a factor listed in the revocation statute, see 18 U.S.C. § 3583(e), the judge committed reversible procedural error. We reject this argument and affirm.
I. Background
In late 2012 Phillips was released from prison and began a five-year period of supervision in the Western District of Wisconsin.[1] He soon violated his release conditions in multiple ways. He used marijuana; he attempted to dilute a urine sample; and he left the judicial district without his probation officer’s permission. The probation officer enrolled him in sweat-patch testing to more closely monitor his drug use. During the next several months, Phillips again traveled outside the district without permission. He also tested positive for drug use three times (twice for cocaine and once for opiates) and repeatedly failed to comply with sweat-patch testing. Finally, he associated with a person engaged in criminal activity. Based on these violations, in late 2013 the district court issued a warrant for Phillips’s arrest. He evaded apprehension for several months.
When Phillips was finally arrested, District Judge Barbara Crabb held a revocation hearing, at which Phillips stipulated to the charged violations. The guidelines recommended reimprisonment for 12 to 18 months. See U.S.S.G. § 7B1.4(a). Phillips argued for the bottom of the range, noting that he was steadily employed during su *700 pervision and was actively involved in his children’s lives. He also explained that he had evaded arrest because he wanted to be with his wife for the birth of their daughter.
Judge Crabb revoked Phillips’s supervision and returned him to prison for 24 months, six months above the top of the range. She acknowledged that he had “work[ed] hard” to maintain employment while on supervision, but concluded that he “thr[e]w it away,” along with an opportunity to be with his wife and young children, by repeatedly violating the conditions of his supervision. She also noted that Phillips received a “break” when his original prison sentence was substantially reduced based on subsequent changes to the sentencing guidelines. See 18 U.S.C. § 3582(c)(2) (authorizing the court to modify a sentence of imprisonment when the original sentence was based on a guidelines range that is subsequently lowered by the Sentencing Commission). Summing up, the judge said the reimpris-onment term was meant to “hold you accountable for your actions and protect the community.”
In August 2014 Arch was released from prison and began a three-year term of supervision, also in the Western District of Wisconsin.[2] Like Phillips, he soon violated the terms of his supervision. Because Arch did not have a place to live when he was released from prison, his probation officer took him to a homeless shelter and told him not to leave the facility. Arch left the shelter that same day and was arrested a few hours later. He was released with instructions to return to the shelter. He did so but soon disappeared again and left Wisconsin. He was arrested in Illinois after assaulting two of his sisters. At the time of his arrest, Arch smelled strongly of alcohol and possessed an open bottle of liquor.
For this conduct Arch was charged with several violations of supervised release: disobeying his probation officer’s instructions, committing another crime, leaving the judicial district without permission, and using alcohol. Judge Crabb revoked Arch’s supervision and ordered him reim-prisoned for a within-guidelines term of 12 months. The judge emphasized that Arch had proven “impossible” to supervise and posed a “great danger” to others based on the attack on his sisters. She also noted that Arch had “very serious mental health problems” and had “refused to comply with any treatment.” Finally, as in Phillips’s case, the judge cited the need to “hold [Arch] accountable for [his] actions and protect the community.”
II. Discussion
The defendants argue that Judge Crabb committed procedural error by relying on the need for “accountability,” a factor not enumerated in § 3583(e), the statute that governs revocation decisions. We disagree.
Section 3583(e) gives the sentencing judge several tools to deal with offenders who violate the terms of their supervised release. As relevant here, the statute permits the court to revoke supervision and order the violator reimprisoned after considering a subset of the factors set forth in § 3553(a), the general sentencing statute.[3] The need to hold the defendant accountable is not listed.
*701 But accountability is an obvious concern whenever an offender has violated the conditions of supervised release — so obvious that it may not tell us much about the judge’s rationale for the revocation decision. Even so, there’s nothing improper about considering it. To the contrary, an offender who violates the conditions of supervised release commits a “breach of trust,” and revocation is primarily aimed at sanctioning that breach. U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b) (emphasizing the “breach of trust” rationale for revocation policy); see United States v. Clay, 752 F.3d 1106, 1109 (7th Cir.2014) (explaining that a judge’s remarks about “just punishment” properly “describe a sanction that conveys the importance of obeying conditions of supervised release” (internal quotation marks omitted)); United States v. Johnson, 640 F.3d 195, 203 (6th Cir.2011); United States v. Young, 634 F.3d 233, 241 (3d Cir.2011); United States v. Miqbel, 444 F.3d 1173, 1182 (9th Cir.2006).
To the extent the defendants are arguing that the list of factors in § 3583(e) is exclusive, they are mistaken. In United States v. Clay, we held that a district court may consider the factors listed in subsection (a)(2)(A) of § 3553 — the seriousness of the offense, respect for the law, and just punishment — even though those factors are not mentioned in § 3583(e), as long as the court “relies primarily on the factors listed in § 3583(e).” 752 F.3d at 1108-09; see Young, 634 F.3d at 240-41 n. 3. Broadly speaking, the § 3583(e) factors include the nature of the offense, the defendant’s history and characteristics, the need for deterrence and public protection, the defendant’s educational and treatment needs, and the guidelines and policy statements of the Sentencing Commission. See § 3583(e) (cross-referencing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).
The judge considered these factors here, albeit in summary fashion. In both cases the judge began by correctly calculating and considering the reimprisonment range recommended by the guidelines. Opting for a longer term in Phillips’s case, the judge specifically relied on the need to protect the public as well as Phillips’s poor compliance history on supervision and the fact that his original prison sentence had been substantially reduced, which the judge characterized as a “break” that enabled him to be reunited with his family sooner than expected. She also acknowledged his “hard work” in holding a job after being released, but emphasized that he “thr[e]w it away” by repeatedly violating the conditions of his supervision. The judge’s reliance on accountability as an added justification for the 24-month term fits comfortably under the general heading of “deterrence” and was not improper.
As for Arch, the judge settled on a within-guidelines term of reimprisonment of 12 months. She specifically emphasized the need to protect the public (recall that Arch attacked his sisters after absconding from supervision). She also noted Arch’s unwillingness to abide by his probation officer’s directions, his “very serious mental health problems,” and his “refusfal] to comply with any treatment.” Here again, adding accountability to the mix was not improper.
Finally, Phillips maintains that the judge did not adequately explain her choice of a 24-month term of reimpris-onment, six months above the top of the advisory range. When imposing an above- *702 guidelines prison term, a sentencing court need not explain why a within-range sentence would be insufficient, see United States v. Brown, 732 F.3d 781, 788 (7th Cir.2013); United States v. Courtland, 642 F.3d 545, 550 (7th Cir.2011); United States v. Bartlett, 567 F.3d 901, 909 (7th Cir.2009), but the judge must justify the sentence in light of the statutory sentencing factors and any relevant policy statements in the guidelines, see United States v. Robertson, 648 F.3d 858, 859-60 (7th Cir.2011).
The judge’s comments here were sparse, but they were sufficient. As we’ve already explained, the judge correctly noted the reimprisonment range recommended by the guidelines (12 to 18 months) as well as the relevant statutory factors, including Phillips’s history and characteristics, the need to protect the public, and (broadly speaking) the need for deterrence. And because the judge chose an imprisonment term fairly close to the top of the suggested range and three years below the statutory maximum, extensive explanation was not required. See Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Jones, 774 F.3d 399, 405 (7th Cir.2014).
AmRMEB.

. He served 132 months for possessing cocaine base with intent to distribute. See 21 U.S.C. § 841(a)(1).

. He served 27 months for possessing a firearm as a felon. See 18 U.S.C. § 922(g)(1).

. Specifically, the statute provides that
[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) ... revoke a term of supervised release, and require the defendant to *701 serve in prison all or part of the term of supervised release, ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release.
18 U.S.C. § 3583(e)(3).