In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2419

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MONTRELL DUPRIEST,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:04-cr-00285 — **J.P. Stadtmueller**, *Judge.*

ARGUED FEBRUARY 20, 2015 — DECIDED JULY 27, 2015

Before RIPPLE, KANNE and TINDER, *Circuit Judges.*

KANNE, *Circuit Judge.* This case comes before us on a second appeal from a supervised release revocation hearing. The first time we heard this case, we remanded for resentencing after the government conceded that the term of imprisonment—eighteen months—exceeded the statutory maximum by six months. This time, the issue before us is whether the district court failed to consider the relevant 18 U.S.C.

§ 3553(a) factors before resentencing Appellant Montrell DuPriest.[1]

## I. BACKGROUND

In 2006, DuPriest pled guilty to one count of "Use of a Telephone to Facilitate a Drug Trafficking Crime." Notably, Judge Stadtmueller served as the sentencing judge for that offense. He sentenced DuPriest to a forty-eight-month term of imprisonment and a twelve-month term of supervised release. Judge Stadtmueller ran the sentence concurrently with DuPriest's related state sentence in Wisconsin.

DuPriest was released from confinement on November 15, 2012. Five months later, while serving his concurrent terms of state *and* federal supervised release, Milwaukee police arrested DuPriest after observing him enter an abandoned house. The officers searched him and found a pistol and forty-three small bags of marijuana. The State of Wisconsin charged DuPriest in Milwaukee County Court with possession of a firearm and possession with intent to deliver THC. Wisconsin dismissed those charges once the federal government took over prosecution, but it did seek incarceration for the violation of his *state* supervised release. He eventually received an eighteen-month sentence on the state violation.

DuPriest subsequently pled guilty to the federal offense of being a felon in possession of a firearm under 18 U.S.C. § 922(g). That plea had two immediate consequences. First, it

---

[1] DuPriest's name appears in court documents with an uppercase "P" and a lowercase "p". We adopt the former, as that is the convention used by his attorneys in briefing this appeal.

meant that DuPriest would be sentenced for the firearm of-
fense under § 922(g). And second, it meant that DuPriest
would then face mandatory revocation and a second term of
imprisonment for violating the terms of his federal super-
vised release. 18 U.S.C. § 3583(g).

District Judge Adelman served as the sentencing judge
for the underlying § 922(g) offense. He sentenced DuPriest to
a thirty-three-month term of imprisonment and a twenty-
four-month term of supervised release. Judge Adelman ran
that sentence concurrently to DuPriest's eighteen-month
state revocation sentence.

In consideration for DuPriest's guilty plea before Judge
Adelman, the government agreed to recommend a federal
revocation sentence that would run concurrently with his
sentence for the underlying crime under § 922(g). The gov-
ernment upheld its end of the bargain. The only question
that remained was whether the judge at the revocation hear-
ing would go along with it.

Re-enter Judge Stadtmueller, the same judge who sen-
tenced DuPriest in 2006. He presided over DuPriest's revoca-
tion hearing. He disagreed with the government's recom-
mendation for a concurrent sentence. He subsequently is-
sued an eighteen-month term of imprisonment, with nine of
those months to be served concurrently to the sentence for
the underlying crime, and the remaining nine to be served
consecutively. Judge Stadtmueller justified the consecutive
portion of the sentence by emphasizing the need for incre-
mental punishment.

As mentioned in our introduction, DuPriest appealed the
revocation sentence, and the government conceded error on

appeal. Given the sentence miscalculation—eighteen months was clearly six months more than the statutory maximum— we remanded for resentencing on the revocation issue.

On remand, Judge Stadtmueller again served as the sentencing judge. This marked the third time in ten years that he sentenced DuPriest. Pursuant to the terms of the original plea deal, the government asked for a twelve-month concurrent sentence. DuPriest's attorney asked for a five-month term of imprisonment to run consecutively to the imprisonment for § 922(g) offense.

Judge Stadtmueller rejected both requests. He issued the statutory maximum twelve-month sentence. And as before, he made half the sentence concurrent and the other half consecutive. As justification, Judge Stadtmueller again relied on the need for incremental punishment. Then he went a step further. Over the course of three transcribed pages, Judge Stadtmueller explained the reasons behind his sentence. We reproduce his explanation in its entirety here:

> Well, Mr. Du[P]riest, I appreciate the thought that you would like to do better. As I often say in these hearings, we have an absolute pandemic of violence in this community, and it starts with people like yourself who unfortunately have not learned from the error of their way.
>
> And I'm not here to suggest that you're out on the street pointing a gun at any and everyone whom you might have contact. But guns in the wrong hands, particularly with individuals who are convicted of criminal conduct, in particular felonies, are a recipe for disaster.

You, sir, are very, very fortunate that you're even able to sit in a courtroom because there isn't a single day, not a single day that goes by in this community or any urban community where individuals are not shot and many, many times killed as a result of being in the wrong place at the wrong time, involved in drug trafficking or other criminal conduct that involves violence.

And your record speaks loud and clear of your inability to conform your conduct to the requirements of the law. That's why we're here. We're not here because I take any great pride or joy in having to send anybody to prison. But unfortunately we as a society have figured out no better way to deal with this phenomenon other than to remove people from their homes, the community, and incarcerate them.

It's very, very sad. As you well know as a prisoner, we have more individuals in prison in these United States than any country in the world. We have barely 5 percent of the world's population yet we have over 25 percent of the world's incarcerated defendants. And it's become very, very, very expensive— over $17 million a day at the federal level alone. Over $6 billion of the U.S. Department of Justice budget is being spent on the Federal Bureau of Prisons. But unfortunately the voters and members of Congress, indeed every state legislature haven't figured out a better way to deal with all of this.

And so in the unique circumstances of your case, obviously you haven't learned a lot from your prior encounters with the criminal justice system. And as I made very, very clear at the sentencing hearing

back in December, contrary to what was represent-
ed by an advocate in the court of appeals,[2] there is
a very, very cogent reason that the sentence is to
run consecutive, because there must—indeed must
be incremental punishment for those who are una-
ble to even conform their conduct to the require-
ments of supervised release. If it were otherwise it
would be a total mockery of the criminal justice
system.

With all due respect to [the government's] recom-
mendation of a concurrent sentence, as I invoked
the term earlier, it's plainly ludicrous and I decline
respectfully to do so in spite of the fact that it's ex-
pensive because, once again, we haven't figured out
a better way to deal with those who violate the law,
and violating the law includes separate violations
of the terms of supervised release.

And so with the knowledge that the maximum
term of imprisonment in Mr. Du[P]riest's case is 12
months and giving him some modicum of relief
from an otherwise 12-month sentence, the court is
going to impose a 12-month sentence. 6 months is
to run concurrent with the sentence imposed in the
Eastern District of Wisconsin Case No. 13-CR-102,
and 6 months is to run consecutive to that sentence
… .

---

[2] At the beginning of the hearing, the government suggested that Judge
Stadtmueller did not fully explain the reason behind his first revocation
sentence. Judge Stadtmueller did not appreciate the suggestion, describ-
ing it as "frankly disingenuous" and "[l]udicrous". Today, we review the
reasons offered for *this* sentence, and pass no judgment on those offered
for the original, vacated sentence.

(Sent. Tr. 7-9.)

DuPriest appeals. He argues that the district court did not consider a number of the sentencing factors under 18 U.S.C. § 3553(a): (1) the nature and circumstances of his arrest; (2) his history and characteristics; (3) necessary deterrence; and (4) protection of the public. His case, therefore, is one of procedural error. The government asks us to affirm. In its view, the record demonstrates that the district court thoughtfully and expressly considered all the relevant sentencing factors and provided ample reasoning for the sentence imposed.

## II. ANALYSIS

We look through a "highly deferential" lens when reviewing a sentence for violation of the conditions of supervised release. *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). Indeed, our review is similar to "'the narrowest judicial review of judgments we know,' namely judicial review of sanctions imposed by prison disciplinary boards." *United States v. Robertson*, 648 F.3d 858, 859 (7th Cir. 2011) (quoting *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007)). Needless to say, this exacting standard presents an uphill battle for DuPriest.

DuPriest's argument is that the district court failed to consider the § 3553(a) factors before imposing its sentence. He faults the district court for calling the government's request for an entirely concurrent sentence "ludicrous." And he construes the three-page sentence explanation as more of a reason to reform the prison system than to give him consecutive jail time. DuPriest's points are well-taken, but his selective reading of the sentencing transcript looks past the

serious and significant reasons offered by the district court
for a consecutive sentence.

For example, the district court noted DuPriest's inability
to learn from his past mistakes. The court tied that inability
to the need for incremental (or consecutive) punishment—
the primary thrust behind its consecutive sentence. In the
court's view, incremental punishment promoted respect for
the rule of law. The lack of a consecutive sentence for
DuPriest, the court reasoned, would result in "a total mock-
ery of the criminal justice system." These rational points di-
rectly address the sentencing factors of § 3553(a).

As for the court's commentary on the costs of this Na-
tion's prison system, that commentary flowed from the
court's discussion on protecting the public and providing the
proper, correctional sentence for the offender—additional
§ 3553(a) factors. The court acknowledged, for example, that
society has not "figured out" a "better way" to address re-
cidivist, violent criminals "other than to remove [them] from
their homes, the community, and incarcerate them." Finally,
the court also discussed the serious effects of violent crime
on the community, which, of course, is relevant given
DuPriest's underlying offense of firearm possession.

It is well-established that a district court "need not con-
sider the § 3553 factors in check-list form." *Jones*, 774 F.3d at
404. Instead, a district court need only provide an adequate
explanation for its reasons—based on the sentencing factors
found in § 3553(a)—in issuing its sentence.[3] Here, the district

---

[3] This circuit has not squarely decided whether a court must consider the
§ 3553(a) factors when sentencing a defendant under the mandatory rev-
(continued...)

court did just that. It found the seriousness of the underlying offense, possession of a firearm by a felon, to be a significant factor in its sentencing decision. It is also found the inability of DuPriest to learn from his "prior encounters with the criminal justice system" and to "conform" his "conduct" to the "requirements of the law" to be equally significant. Judge Stadtmueller should know, as this was the third time that he had the opportunity to sentence DuPriest.

In sum, the district court provided ample information for this court to conduct meaningful appellate review. It addressed the § 3553(a) factors, and it carefully balanced society's needs against the need to sentence DuPriest under § 3583. We find no error in the court's sentence or in its explanation meting it out.[4]

### III. CONCLUSION

The judgment of the district court is AFFIRMED.

---

(…continued)

ocation provision of § 3583. *See Jones*, 774 F.3d at 404. Because the district court addressed the factors in this case, we save the resolution of that issue for another case.

[4] For the first time in his Reply Brief, DuPriest argues that his sentence violates the parsimony principle found in § 3553(a). We disagree. The parsimony principle requires district courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). Here, the district court exhaustively explained the reasons behind its carefully tailored sentence for this repeat offender, and we find no merit in the argument that the sentence is either unreasonable or somehow greater than necessary.