NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2016
Decided February 23, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3183

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:14-CR-40088-SMY |
| KYLE W. MILLER, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Kyle Miller pleaded guilty in 2014 to stealing bank funds in violation of 18 U.S.C. § 656 and was sentenced to time served plus 5 years' supervised release. One year into his term of supervision, the government sought revocation, *see* 18 U.S.C. § 3583(e), (g), alleging that Miller had violated the conditions of his release by using (and thus possessing) alcohol and illegal drugs, being late with monthly supervision reports, lying to his probation officer, and failing to make restitution payments. After Miller admitted the allegations, the district court revoked his supervised release and imposed 4 months' reimprisonment to be followed by another 48 months' supervised release. Miller waived oral pronouncement of the conditions of that release and also acknowledged that he did not object to the wording of the conditions as proposed in advance by the probation

officer. Miller filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967).

We note that there isn't a constitutional right to counsel in revocation proceedings when, as here, the defendant admits violating the conditions of his supervision and neither challenges the appropriateness of revocation nor asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Boultinghouse*, 784 F.3d 1163, 1171–72 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Thus the *Anders* safeguards do not govern our review of counsel's motion to withdraw. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *Eskridge*, 445 F.3d at 933. Nevertheless, we invited Miller to comment on counsel's motion, but he has not responded. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. The analysis in the brief appears to be thorough, so we focus our review on the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first notes that Miller does not want to challenge the revocation of his supervision, and thus the lawyer properly refrains from discussing whether Miller's admissions to the charged violations were knowing and voluntary. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). Counsel further advises that he reviewed the district court's application of the sentencing guidelines and did not identify even a potential claim of error.

Counsel does consider whether Miller could claim that the district court wrongly concluded that a term of imprisonment was required by statute because of his possession of a controlled substance. *See* 18 U.S.C. § 3583(g)(1). (Although Miller was released from prison after this appeal was filed, an appellate claim about the term of reimprisonment would not be moot because he remains on supervised release. *See United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001).) Counsel points to a line in § 3583(d), which he reads as creating an exception to automatic reimprisonment for drug possession depending on the "availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs." But that proposed argument would be frivolous because counsel misreads § 3583(d). What the provision actually says is that treatment programs must be considered for a person who "fails a drug test," *id.*, and yet Miller's supervision was not being revoked for failing a drug test. He was accused of *possessing* a controlled substance, and the district court was required to impose a term of imprisonment upon finding that allegation to be true.

*See United States v. Jones*, 774 F.3d 399, 403–04 (7th Cir. 2014); *United States v. Hondras*, 296 F.3d 601, 602 (7th Cir. 2002); *see also United States v. DuPriest*, 794 F.3d 881, 882 (7th Cir. 2015) (explaining that revocation and reimprisonment are mandatory under 18 U.S.C. § 3583(g)(2) for person pleading guilty to possessing a firearm after felony conviction).

Counsel next discusses, but rightly rejects as frivolous, an argument that the new term of supervised release is unlawful or plainly unreasonable. The 4-year term of supervised release is below the statutory maximum of 5 years less the 4-month term of reimprisonment. *See* 18 U.S.C. §§ 656; 3559(a)(2); 3583(b)(1), (h). And the district court applied the factors listed in 18 U.S.C. § 3553(a), taking into account Miller's history of substance abuse and mental-health problems, his repeated failure to comply with the terms of his supervision, and the need to deter him from future misconduct. *See id.* § 3583(c). The added condition that Miller serve the first six months of his term of supervised release with location monitoring is not inappropriate, Miller's counsel rightly concludes, in light of the district court's observation that Miller had been more compliant with the terms of his supervision while on location monitoring in the past and that location monitoring would help him reintegrate into society upon his release. We would not find the new term supervised release to be plainly unreasonable. *See Jones*, 774 F.3d at 404; *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.