NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2017
Decided March 22, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-3976

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:07-CR-40032 |
| SHAWN D. TAYLOR, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

Shawn Taylor was convicted in 2008 of conspiracy to manufacture and distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1). Initially he was sentenced to 10 years' imprisonment and 8 years' supervised release, but he cooperated with the government and was rewarded with a reduced prison term of 80 months, *see* Fed. R. Crim. P. 35(b). Taylor completed that term in 2012, but in 2014 the district court revoked his supervised release, principally because of harassing Facebook messages sent to the owner of a local bar. The court ordered him to serve another 10 months in prison to be followed by 8 years' supervised release. Taylor was released again in late 2015, but less than a year later his probation officer again sought revocation. This time Taylor admitted possessing drugs including methamphetamine, and the court sent him back to prison for 48 months, longer than the guidelines reimprisonment range of 12 to 18 months. The court did not impose a new term of supervised release. Taylor filed a notice of appeal from the latest revocation, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

A defendant facing revocation of supervised release does not have a constitutional right to counsel unless he challenges the appropriateness of revocation or asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Taylor did not do either. Thus, *Anders* does not govern our review of counsel's motion to withdraw, though we follow its safeguards to ensure consideration of potential issues. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016).

Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. We invited Taylor to comment on counsel's motion, but he has not responded. *See* Cir. R. 51(b). Because counsel's analysis appears to be thorough, we focus our review on the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first evaluates whether Taylor could argue that the district court incorrectly categorized his violations of supervised release and thus miscalculated the reimprisonment range under the applicable Chapter 7 policy statements. *See* U.S.S.G. ch. 7, pt. B. Taylor had admitted possessing and using methamphetamine and other illegal drugs multiple times, failing to submit monthly reports to his probation officer, quitting his job without finding another, and failing to complete required treatment for substance abuse. The court concluded that possession of controlled substances was the most serious category of violation, a Grade B under U.S.S.G. § 7B1.1(a)(2). Revocation of supervised release and reimprisonment is mandatory for possession of a controlled substance. 18 U.S.C. § 3583(g); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Criminal conduct punishable under federal or state law by more than a year in jail constitutes at least a Grade B violation of supervised release (though not relevant to this case, felony gun crimes and some violent crimes and serious drug offenses are Grade A violations). U.S.S.G. § 7B1.1(a)(1), (2). In Illinois, possessing methamphetamine even for personal use is a felony punishable by more than a year in prison. *See* 720 ILCS 646/60(b)(1); 730 ILCS 5/5-4.5-40(a); *People v. Fredericks*, 14 N.E.3d 576, 586 (Ill. App. Ct. 2014); *People v. Schmidt*, 938 N.E.2d 559, 563 (Ill. App. Ct. 2010). That is enough to make an appellate claim about the Class B categorization frivolous. We add, however, that under federal law simple possession of methamphetamine is also punishable by more than a year in prison for anyone who, like Taylor, has a prior conviction for a drug offense. 21 U.S.C. § 844(a); *Wheeler*, 814 F.3d at 857–58; *United States v. Trotter*, 270 F.3d

1150, 1151 (7th Cir. 2001). It follows that an appellate challenge to the policy-statement range of 12 to 18 months in prison likewise would be frivolous given Taylor's criminal history category of IV. *See* U.S.S.G. § 7B1.4(a).

Counsel next considers whether Taylor could argue that the district court overstated the maximum term of reimprisonment allowed by statute. In Taylor's underlying case, the sentencing court found that the conspiracy had involved 472 grams of a substance containing methamphetamine. That quantity, coupled with an enhancement under 21 U.S.C. § 851 based on Taylor's previous conviction for a felony drug offense, yielded a statutory maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(B). The prospect of a life sentence made the underlying crime a Class A felony. 18 U.S.C. § 3559(a)(1), thus allowing for another 5 years in prison after revocation of Taylor's 8-year term of supervised release, *id.* § 3583(e)(3); *United States v. Ford*, 798 F.3d 655, 661 (7th Cir. 2015). The district court's imposition of a 48-month term of imprisonment was thus within the statutory limit.

Counsel finally questions whether Taylor could argue that the district court imposed an unreasonable term of reimprisonment since it is significantly higher than the Chapter 7 range. While a district judge must consider policy statements, the recommended range is not binding. *United States v. Pitre*, 504 F.3d 657, 664 (7th Cir. 2007); *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). In most revocation proceedings the district court must also consider the pertinent factors listed in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e); *Brown*, 823 F.3d at 394; although we have not decided whether this is true for a mandatory revocation, *see United States v. DuPriest*, 794 F.3d 881, 885 n.3 (7th Cir. 2015); *Jones*, 774 F.3d at 404. The district judge did discuss information relevant to the § 3553(a) factors, however, after acknowledging the policy-statement range, but then decided that Taylor should be reimprisoned above that range. The judge reasoned that supervision had been ineffective for Taylor, noting that Taylor was treated with leniency at his first revocation when instead he could have been reimprisoned above the policy-statement range in light of his sentence reduction under Rule 35(b). *See* U.S.S.G. § 7B1.4 cmt. n.4; *United States v. Clay*, 752 F.3d 1106, 1109 (7th Cir. 2014). The court added that Taylor posed a danger to the community based on his history of defiance and verbal abuse toward authority figures. Thus, it would be frivolous to claim that the court abused its discretion. *See Clay*, 752 F.3d at 1109; *United States v. Neal,* 512 F.3d 427, 438–39 (7th Cir. 2008); *United States v. Bungar*, 478 F.3d 540, 544–46 (3d Cir. 2007).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.