NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2018
Decided July 2, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-2786

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:12CR00015-001 |
| GARY C. MAYS, *Defendant-Appellant*. | William M. Conley, *Judge*. |

**O R D E R**

A jury convicted Gary Mays of distributing heroin, 21 U.S.C. § 841(a)(1). He was sentenced to 36 months in prison and three years of supervised release. Mays appeals the revocation of his supervised release, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738 (1967).

We briefly recount the events since Mays began supervised release. One year after leaving prison, he pleaded guilty in state court to possessing a firearm as a felon, see Wis. Stat. § 941.29(2) (2015), and tested positive for marijuana. The district court revoked his supervised release on these grounds, see U.S.S.G. 7B1.3(a)(1), and resentenced him to 18-months' imprisonment to be followed by 24 months of

supervised release. His second term of supervised release—the subject of this appeal—began in 2016, but Mays again failed to follow its requirements: He refused to attend court-ordered mental-health treatment or comply with required drug testing, and he neglected to pay his criminal-assessment penalty. At his revocation hearing, the district judge considered these violations, as well as the potential impact Mays's health issues had on his ability to satisfy the conditions of supervised release. The district judge then stated that the court would forego revocation if Mays took a drug test that day without testing positive for marijuana. Rather than complete the test, Mays absconded. The probation office was unable to reach Mays until his arrest two months later. In light of this and Mays's other violations, the judge revoked his supervised release and ordered Mays reimprisoned for 18 months.

A defendant facing revocation of supervised release typically does not have a constitutional right to counsel unless he has a serious claim that he has not violated his conditions of release or a substantial argument against revocation that would be hard to develop without counsel. See *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Unless those circumstances are present, we need not apply the *Anders* safeguards in ruling on a motion to withdraw. *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Yet we do so as a matter of practice in revocation appeals, and consequently we invited Mays to comment on counsel's motion. See CIR R. 51(b). Mays has not responded, and counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears thorough, we limit our review to the subjects counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Mays could argue that the district court abused its discretion by revoking his supervised release. See *United States v. Musso*, 643 F.3d 566, 570 (7th Cir. 2011). But counsel properly concludes that Mays's refusal to participate in court-ordered drug testing (and abscond instead) justified revocation, 18 U.S.C. § 3583(g)(3); U.S.S.G. § 7B1.4, cmt. n. 5 ("Upon a finding that a defendant violated a condition of … supervised release … by refusing to comply with a condition requiring drug testing, the court is required to revoke … supervised release and impose a sentence that includes a term of imprisonment."). Accordingly, a challenge to the revocation would be frivolous.

Counsel next rejects as frivolous a contention that the term of reimprisonment is "plainly unreasonable." See *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).

Because Mays had a criminal history category of I and his violations were Grade C, see U.S.S.G. § 7B1.1(a)(3), the resulting imprisonment range recommended by the policy statement set out in section 7B1.4(a) was three to nine months. This range was advisory and nonbinding. The judge had to consider it, but he could impose a sentence outside the range up to the two-year maximum sentence allowed by 18 U.S.C. § 3583(e)(3). See *United States v. McClanahan*, 136 F.3d 1146, 1150 (7th Cir. 1998); 18 U.S.C. § 3559(a)(3); 21 U.S.C. § 841(b)(1)(c). And the record reflects that the judge properly considered this range and the sentencing factors in 18 U.S.C. § 3553. See 18 U.S.C. § 3583(c); *United States v. Flagg*, 481 F.3d 946, 951 (7th Cir. 2007). The judge noted Mays's criminal history, his repeated supervision violations, see 18 U.S.C. § 3553(a)(1), and the need to hold him accountable for his actions (including absconding), to protect the community, and to promote specific and general deterrence, see *id.* § 3553(a)(2)(A)–(C); *United States v. Clay*, 752 F.3d 1106, 1108 (7th Cir. 2014) (sentencing judge may consider § 3553(a)(2)(A) so long as he relies primarily on factors listed in § 3583(e)). Given Mays's several, repeated violations, it would be frivolous for him to argue that the judge's decision to sentence him to 18 months' additional imprisonment was plainly unreasonable.

We GRANT counsel's motion to withdraw and DISMISS the appeal.