**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2022
Decided July 11, 2022

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

Nos. 21-3293 & 21-3294

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Central District of Illinois. |
| *v.* | Nos. 19-cr-20030-001 & 11-cr-40116 |
| MATTHEW POULIN, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Matthew Poulin comes before us after his supervised release in two separate cases was revoked because he had used cocaine. He appeals two aspects of his revocations: the overall length of his term of reimprisonment and the condition that he abstain entirely from the use of alcohol while he is on a renewed term of supervised release. Because the judge adequately justified both aspects, we affirm.

**I**

In 2011, Poulin pleaded guilty to receiving and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (a)(5)(B), (b)(1)–(2). After two appeals, the

district court ultimately sentenced Poulin to 84 months' imprisonment and 10 years of supervised release. Among other conditions, the court required Poulin to register as a sex offender.

Poulin did not register as required, violating both the conditions of release and 18 U.S.C. § 2250(a). This led to (1) revocation of his supervised release and reimprisonment, and (2) a criminal conviction and sentence for the § 2250(a) offense. Combining the revocation sentence and the § 2250(a) sentence, the court sentenced Poulin to an aggregated 24 months in prison, followed by two concurrent ten-year terms of supervised release. (One term corresponded to his revocation—the "revocation term"—and the other corresponded to his conviction for failing to register as a sex offender—the "failure-to-register term.")

Seven months after Poulin began his new terms of supervised release, he used cocaine in violation of his release conditions. He admitted the violation, and the district court revoked the remainder of his two supervised-release terms. Poulin now faced two revocation sentences, and in return for his cooperation, the government recommended two concurrent sentences. The judge instead sentenced him to consecutive terms of imprisonment (four months for violating the revocation term and eight months for violating the failure-to-register term), followed by two concurrent eight-year terms of supervised release. The judge also imposed a special condition of release, under which Poulin is required to abstain entirely from alcohol.

The judge gave a thorough explanation of his sentencing rationale. He ran the revocation terms consecutively, he said, because he was "very worried" about the risk of recidivism. Poulin's failure to register and his cocaine use showed that he had "resist[ed] enforcement of the rules" of his supervised release and did not respect the law. Further, according to the probation office's report, which the court adopted, Poulin had failed to fulfill the requirement that he notify that office about his relationships with women living with minor children. This failure, which could have led to undisclosed, close contacts between Poulin and minors, confirmed Poulin's "attitude problem" and compromised the probation office's ability to monitor him and protect these children.

The court also explained why it rejected Poulin's objection to the restriction on his alcohol use. The judge observed that the record showed that any alcohol use "causes [Poulin] to act in a manner that's inappropriate." He gave the following examples: Poulin was diagnosed with an alcohol-induced mood disorder and alcohol dependence; he previously admitted that he responds to stress by drinking alcohol; Poulin had once supplied alcohol and money for an 18-year-old woman and her 15-year-old brother to

buy crack cocaine; and the probation office reported that Poulin was removed from sex-offender treatment because of alcohol use.

## II

On appeal, Poulin first argues that his combined reimprisonment term of 12 months is unreasonably long. (He does not argue that the two terms *must* be concurrent.) He reasons that the offenses underlying his revocation were "nonviolent," and he accepted responsibility by admitting guilt. But we normally will not upset a term of reimprisonment unless, under the factors set forth in 18 U.S.C. § 3583(e), the sentence is plainly unreasonable. *United States v. Raney*, 842 F.3d 1041, 1043 (7th Cir. 2016). Section 3583(e), governing revocations of supervised release, repeats most of the factors of 18 U.S.C. § 3553(a) that district courts routinely use at sentencing. *United States v. Phillips*, 791 F.3d 698, 701 (7th Cir. 2015).

We see nothing unreasonable about the 12-month term of reimprisonment imposed here. The judge furnished an "adequate statement of [his] reasons," consistent with 18 U.S.C. § 3553(a), for the consecutive four-month and eight-month terms. *United States v. Jones*, 774 F.3d 399, 404–05 (7th Cir. 2014). First, based on Poulin's repeated disrespect of the law (failure to register and cocaine use), see § 3553(a)(1), the judge thought that Poulin's risk of recidivism was high, even though his offenses were not violent. See § 3553(a)(2)(A)–(C). Second, the judge also reasonably viewed Poulin's failure to meet his obligation to disclose his romantic relationships—which created the risk of undisclosed contacts with minor children—as evidence of his "attitude problem," his "ignor[ing] the rules," and his potentially endangering children. Finally, the court found that Poulin was "not respectful of the process" and flouted the release conditions. *Jones*, 774 F.3d at 405.

Poulin next argues that the condition of supervised release requiring him to abstain from alcohol is "not necessary" to protect the public or to treat him. We review the ban on alcohol use for abuse of discretion by assessing whether that ban is "reasonably related" to the "adequate deterrence" of future crimes or providing Poulin "correctional treatment." See *United States v. Armour*, 804 F.3d 859, 867 (7th Cir. 2015); 18 U.S.C. §3553(a)(2). The court permissibly found that a ban on alcohol use would serve both ends. As it explained, Poulin had shown alcohol dependence and stress-based alcohol use, he had supplied alcohol to two teenagers, and (based on the probation office's report) he was removed from sex-offender treatment because of his use of alcohol. These factors adequately justify the complete ban on alcohol use. See *United States v. Poulin*, 809 F.3d 924, 933 (7th Cir. 2016).

We therefore AFFIRM the judgments of the district court.