FILED
United States Court of Appeals
Tenth Circuit

June 1, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

MYRON ROBERT LEE,

　　　　Defendant - Appellant.

No. 15-2112
(D.C. No. 1:10-CR-00244-JB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, BALDOCK** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Myron Robert Lee appeals the sentence imposed after the revocation of his

supervised release. First, he argues the district court procedurally erred by

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

relying in part on sentencing factors in 18 U.S.C. § 3553(a) that are not expressly cross-referenced in 18 U.S.C. § 3583(e), the statute specific to revocation sentencing. Second, he argues that the district court's sentence was substantively unreasonable. Finally, he argues that the district court relied on unproven factual allegations in its sentencing calculation, in violation of his Due Process rights. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

# I

While serving a three-year term of supervised release, Lee committed a series of supervision violations. At his revocation hearing, Lee admitted to: (1) failing to answer truthfully to all inquiries from his probation officer; (2) failing to notify his probation officer within seventy-two hours of being questioned by law enforcement; (3) failing to participate in an education or vocational program; and (4) failing to abstain from alcohol.

The Violation Report stated that Lee committed Grade C violations, as defined by the United States Sentencing Guidelines § 7B1.1. With Lee's criminal history category of I, his Guideline imprisonment range was between three and nine months. U.S.S.G. § 7B1.4(a).

At the outset of sentencing arguments, the district court "was thinking something a little bit higher in the guideline[]" range was appropriate because of "the length of the problems" Lee had exhibited, and because of the "serious

2

nature of some of the contacts he's had with law enforcement." ROA Vol. 2 at 15–16. Specifically, the court was concerned that Lee failed to report to his probation officer that law enforcement officers had questioned him in connection with his girlfriend's recent death. The district court inquired as to circumstances surrounding the woman's death, and what evidence implicated Lee. Id. at 18; id. at 27 (government counsel responding to the court's questions and informing the court that it was "an active homicide investigation," that Lee was a suspect, and that he was "the last one seen with her").

The government took no position on Lee's sentence, but Lee presented mitigating arguments. He explained that the unexpected death of his girlfriend caused him a great deal of distress, leading to a relapse to alcohol and trouble making appointments. He also indicated that he had a learning disability which impeded his ability to complete the high school equivalency program in which he was enrolled. Lee requested a time-served sentence (approximately thirty days), or alternatively, a sentence at the low end of the Guideline range, followed by a year of supervision. Lee also suggested that he be remanded to a halfway house rather than incarcerated.

Before imposing Lee's sentence, the district court explained:

[T]he Court has considered the guideline sentencing range . . . . And the Court believes that even though the defendant has requested a time served, given the serious allegations that are swirling around the defendant, as well as the serious nature of the violations to which he's pled, the Court believes that the punishment set forth in the

3

guidelines is appropriate for this sort of offense.

. . .

I agree with the defendant to a certain degree that some of these are not the most serious violations that we see. And if they'd come earlier in the process, it might be appropriate to sentence at the low end. But given the cumulative nature of them, given the fact that he's just not doing very well on supervised release -- and you know, when he does get contacted by law enforcement on such serious charges, he's just got to contact the Probation Office immediately.

The alcohol concerns me greatly, given the underlying offense here.[1] I do think that a sentence at the high end is necessary to reflect the seriousness of the offense, the cumulative nature of them is necessary to promote respect for the law and provide just punishment, afford adequate deterrence, both at a specific and general level, and protect the public. It's still a guideline sentence, so I think it avoids unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct. And because I am going to impose supervised release, I think the conditions I impose will provide the defendant with some needed education and training and care to avoid these problems in the future.

In sum, I think this sentence fully and effectively reflects each of the relevant factors in 18 [U.S.C.] section 3553(a) and the purposes of supervised release. I think the sentence is reasonable, and I think the sentence is sufficient, without being greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

Id. at 30–32. The district court sentenced Lee to nine months' imprisonment, followed by twenty-four months' supervised release.

The court then gave counsel a chance to make "any comments." Id. at 35.

---

[1] Lee was on supervised release as result of his prior conviction for aggravated assault, in which his intoxication at the time played a role.

Lee objected to the court's reliance on "the cumulative nature" of his violations because, Lee argued, the accumulation was the fault of the probation officer's delay in seeking revocation. Id. Lee also objected to the court's "reference[] [to] allegations not part of the petition," arguing it was not "appropriate" for the court to consider any suspicions law enforcement may have regarding his girlfriend's homicide. Id. Lee also noted that his violations were relatively minor and voiced his opinion that a sentence at the lower end of the range would have been more appropriate.

In response to Lee's comment regarding the homicide suspicions, the court explained:

> [H]e's presumed innocent of any charges, but the serious nature of the allegations and he didn't bring that to the attention of the Probation Office, I think that's the concern of the Court, is that he had a couple of domestic disturbances, or property damage, but mixed in there is an allegation of murder, and he didn't bring that to the attention of the Court. So that's the reason I mention that. Not to undercut his presumption of innocence. This is not imposed because that allegation is made. It's imposed because he failed to bring such a serious charge to the attention of the Court.

Id. at 37.

## II

We review the district court's imposition of a revocation sentence for reasonableness. United States v. McBride, 633 F.3d 1229, 1232 (10th Cir. 2011). "To say that the district court acted reasonably—either procedurally or substantively—is to say that it did not abuse its discretion." Id.

5

Because Lee did not raise the argument regarding erroneous consideration of certain § 3553(a) sentencing factors before the district court, we review that argument for plain error. United States v. Mendiola, 696 F.3d 1033, 1036 (10th Cir. 2012). Lee may "obtain relief under the plain-error doctrine only if . . . (1) the district court committed error; (2) the error was plain—that is, it was obvious under current well-settled law; (3) the error affected [his] substantial rights; and (4) 'the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir. 2012) (internal alterations omitted) (quoting United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir. 2005)). "Because all four requirements must be met, the failure of any one will foreclose relief and the others need not be addressed." Id.

### III

*Procedural Reasonableness*

A district court "may, after considering the factors set forth" in certain enumerated subsections of 18 U.S.C. § 3553(a), "revoke a term of supervised release" and impose a revocation sentence. 18 U.S.C. § 3583(e). Nearly every subsection of § 3553(a) is included in the § 3583(e) list, but § 3553(a)(2)(A) and § 3553(a)(3) are absent. Subsection 3553(a)(2)(A) calls for sentencing courts to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

6

Lee argues that the district court procedurally erred by partially relying on the § 3553(a)(2)(A) factors. Although the government argues that the district court did not consider § 3553(a)(2)(A), the court's explanation makes clear that it did consider (a)(2)(A). ROA Vol. 2 at 30–32; see also id. at 29 (expressly relying on "the factors set forth in 18 [U.S.C.] Section 3553(a)(1) through (7)").

If error, we question whether we can conclude under plain error review that the error alleged was "obvious under current well-settled law." See Gantt, 679 F.3d at 1246. Neither the Supreme Court nor this court have decided whether consideration of these § 3553(a)(2)(A) factors renders a revocation sentence procedurally unreasonable. See United States v. Miller, 608 F. App'x 707, 709 (10th Cir. 2015) (unpublished) (noting the lack of authority from this court or the Supreme Court on the question).

Several circuits have ruled that consideration of the § 3553(a)(2)(A) factors does not automatically render a revocation sentence procedurally unreasonable, but placing "undue weight," permitting them to "predominate[]" the analysis, or treating them as "dominant factors" may constitute reversible error. United States v. Rivera, 797 F.3d 307, 309 (5th Cir. 2015) (denying petition for rehearing in United States v. Rivera, 784 F.3d 1012 (5th Cir. 2015), and clarifying the court's application of United States v. Miller, 634 F.3d 841, 844 (5th Cir. 2011)); United States v. Phillips, 791 F.3d 698, 701 (7th Cir. 2015) (clarifying United States v. Clay, 752 F.3d 1106, 1108–09 (7th Cir. 2014)); United States v. Webb, 738 F.3d

7

638, 642 (4th Cir. 2013); United States v. Young, 634 F.3d 233, 241 (3d Cir. 2011); United States v. Simtob, 485 F.3d 1058, 1062–64 (9th Cir. 2007) (clarifying United States v. Miqbel, 444 F.3d 1173, 1182 (9th Cir. 2006)).[2]

Other circuits have ruled that district courts do not procedurally err by considering § 3553(a)(2)(A) in revocation sentencing, but have yet to conclude that procedural error could occur when (a)(2)(A) is the dominant consideration. United States v. Lewis, 498 F.3d 393, 399–400 (6th Cir. 2007); United States v. Williams, 443 F.3d 35, 47–48 (2d Cir. 2006); see also United States v. Vargas-Davila, 649 F.3d 129, 131–32 (1st Cir. 2011) (considering a substantive unreasonableness challenge to consideration of (a)(2)(A) factors).

"If neither the Supreme Court nor the Tenth Circuit has ruled on the subject, we cannot find plain error if the authority in other circuits is split." United States v. Teague, 443 F.3d 1310, 1319 (10th Cir. 2006). Thus, even if the district court relied primarily on § 3553(a)(2)(A) here, the law is not clear or obvious in this circuit that such a degree of reliance would be in error. Compare e.g., Webb, 738 F.3d at 642 with Lewis, 498 F.3d at 400.

If § 3553(a)(2)(A) was not the dominant consideration, Lee argues that a

---

[2] Lee and the government perceive a conflict within this group of circuits. Similarly, other circuits recognizing a circuit split perceive the Fourth, Fifth and Ninth circuits as in conflict with the others. E.g., United States v. Vandergrift, 754 F.3d 1303, 1308–09 (11th Cir. 2014). However, a close reading of the most recent clarifications from these circuits reveals consistency rather than conflict.

8

district court necessarily "crafts a procedurally and substantively unreasonable sentence" if it relies at all on § 3553(a)(2)(A).[3] Aplt. Br. at 14–15. But no other circuit adheres to this interpretation. Nor is Lee's interpretation clear or obvious from the face of the statute. Lee is correct that Congress omitted § 3553(a)(2)(A) from § 3583(e), and that we must afford meaning to its omission. But, as other circuits have pointed out, Congress did not state that courts may *only* consider the enumerated factors. Webb, 738 F.3d at 641. And other circuits have afforded meaning to Congress's omission by concluding that (a)(2)(A) is not a mandatory consideration as the other factors are, and if considered, it must not serve as the predominant factor in the revocation sentence. Rivera, 797 F.3d at 309; Phillips, 791 F.3d at 701; Young, 634 F.3d at 240–41; Simtob, 485 F.3d at 1062.

We therefore conclude that the district court did not commit plain procedural error by considering the § 3553(a)(2)(A) sentencing factors.

---

[3] Lee relies on the Fourth Circuit's decision in United States v. Crudup, 461 F.3d 433 (4th Cir. 2006), the Fifth Circuit's Miller decision, and Ninth Circuit's Miqbel decision. But Crudup only addressed the § 3553(a)(2)(A) issue in dicta, explaining the difference between the goals of criminal sentencing and those of revocation sentencing. Crudup, 461 F.3d at 437–39. Instead, Webb is the Fourth Circuit's controlling authority on this issue. 738 F.3d at 642 ("[A]lthough a district court may not impose a revocation sentence based predominately on" the § 3553(a)(2)(A) factors, "we conclude that mere reference to such considerations does not render a revocation sentence procedurally unreasonable."). The law of the Fifth and Ninth Circuits has been clarified by subsequent decisions to stand for essentially the same rule as Webb. Rivera, 797 F.3d at 308–09; Simtob, 485 F.3d at 1062–64.

9

*Substantive Reasonableness*

Lee argues that his sentence was substantively unreasonable because it was greater than necessary to accomplish the purposes of § 3583(e). In addition to his argument regarding "prohibited" factors, he argues that the district court failed to adequately consider non-imprisonment sanctions and that it unduly minimized mitigating factors.

This court applies a rebuttable presumption that within-Guideline revocation sentences are substantively reasonable. McBride, 633 F.3d at 1233. While a non-imprisonment sanction or a shorter imprisonment term may have been reasonable in Lee's case, Lee "must do more than show that his preferred sentence was a reasonable one." Id. at 1232. "In virtually every case, many sentences would be reasonable. To obtain relief, he must show that the actual sentence imposed was outside this range of reasonableness." Id.

Here, Lee's Guideline range was three to nine months, and he was sentenced within that range. The district court took Lee's arguments for a lower sentence into consideration, but based on the cumulative nature of Lee's violations, the significant law enforcement contacts which Lee failed to report, the nature of his substance abuse relapse, and the need to protect the public and deter Lee from future violations, the court imposed a sentence at the top of that range. Although Lee is correct that lesser sentences might have been reasonable, he has failed to overcome the presumption that the sentence imposed was

10

substantively reasonable.

*Reliance on Unproven Facts*

Lee argues that the district court "believed" the government's suspicion that Lee was involved in his girlfriend's death, and incorporated this unsupported fact into its sentencing calculus. Aplt. Br. at 33. To the contrary, the district court was clear: "This [sentence] is not imposed because that [homicide] allegation is made. It's imposed because [Lee] failed to bring such a serious charge to the attention of the Court." ROA Vol. 2 at 37. Lee does not dispute that law enforcement officers contacted him in connection with his girlfriend's death, that he was required to report this contact to his probation officer, or that he failed to do so. The district court therefore did not rely on any unsubstantiated facts in imposing its sentence, and therefore we need not proceed to address whether doing so would constitute reversible error.

**IV**

The judgment of the district court is affirmed.  The government's motion to supplement the record[4] is denied as moot.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[4] Approximately two months after the district court entered final judgment in this case and Lee filed his notice of appeal, the district court filed a Memorandum Opinion.  The government filed a motion to supplement the appellate record with the opinion.  Lee opposed the motion, ostensibly because the opinion would bolster the district court's oral explanation of its sentencing rationale.  Because the Memorandum Opinion is not essential to the disposition of this appeal, we deny the motion as moot.