FILED
**United States Court of Appeals
Tenth Circuit**

**March 28, 2023**

**Christopher M. Wolpert
Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONALD JOE BOOKER, JR.,

    Defendant - Appellant.

No. 22-7000

_____

**Appeal from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. 6:21-CR-00037-JFH-1)**
_____

Dean Sanderford, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Linda A. Epperley, Assistant United States Attorney (Christopher J. Wilson, United States Attorney, with her on the brief), Muskogee, Oklahoma, for Plaintiff-Appellee.
_____

Before **MORITZ**, **SEYMOUR**, and **EBEL**, Circuit Judges.
_____

**EBEL**, Circuit Judge.
_____

After Donald Joe Booker, Jr. repeatedly violated the terms of his supervised release, the district court revoked his supervision and sentenced him to twenty-four months in prison, the statutory maximum. For the first time on appeal, Mr. Booker argues that the district court erroneously based his sentence for violating supervised

release on retribution whereas the statute governing the revocation of supervised release implicitly prohibits considering retribution. See 18 U.S.C. § 3583(e).

We review Mr. Booker's sentence for plain error. Clarifying the scope of 18 U.S.C. § 3583(e), we hold that district courts may not modify or revoke a term of supervised release based on the need for retribution. Because the district court quoted from a § 3553(a) sentencing factor representing retribution, we conclude that the district court erred. But even assuming this error was plain, Mr. Booker has not shown that it affected his substantial rights because we conclude there is no reasonable probability that his sentence would have been shorter had the court not erred. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM Mr. Booker's twenty-four-month sentence.

## I.     BACKGROUND

In 2010, Mr. Booker pled guilty to one count of felon in possession, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced in the Northern District of Oklahoma to thirty-three months of imprisonment and three years of supervised release. Mr. Booker's term of supervision began in 2020 after a concurrent state sentence ended. After a series of transfers, the Eastern District of Oklahoma took jurisdiction over his supervised release in March 2021.

Mr. Booker's probation officers first petitioned to revoke his supervised release on May 3, 2021. The district court issued a warrant for his arrest that day. The probation officers amended the petition twice, with the final amended petition

approved by the district court on June 29, 2021. The final amended petition alleged

that Mr. Booker had violated several conditions of supervised release by

- violating traffic laws by speeding, driving without a license or insurance, and refusing to submit to sobriety testing,
- testing positive for amphetamine or methamphetamine use on four separate occasions,
- being found in possession of methamphetamine when he was booked into jail on the revocation warrant,
- leaving the Eastern District of Oklahoma without permission on three separate occasions,
- failing to notify his probation officer about contacts with law enforcement on three separate occasions, and
- failing to appear for drug testing on five separate occasions.

Mr. Booker was arrested for these alleged violations and made an initial

appearance in the Western District of Oklahoma on September 21, 2021, where he

waived his right to an identity hearing. The Magistrate Judge ordered him

transported back to the Eastern District of Oklahoma that day. In the Eastern District

of Oklahoma, Mr. Booker waived his preliminary hearing at an initial appearance on

September 28, 2021. A final revocation and sentencing hearing was set for

December 16, 2021.

In a sentencing memorandum filed before the final revocation hearing, Mr.

Booker indicated that he intended to stipulate to the alleged violations and requested

a guideline sentence. The memorandum explained that Mr. Booker suffered from

"elements of schizophrenia" that "he need[ed] to treat with appropriate prescribed

drugs rather than . . . illegal drugs." R Vol. 1 at 57. It also indicated that Mr. Booker

was prepared to undertake mental health treatment.

3

The district court conducted the final revocation hearing on December 16, 2021. At the hearing, the court stated that it had calculated the guideline range to be 5 to 11 months in prison and that the statutory maximum sentence was a 24-month term of imprisonment. The court recited the factual bases for Mr. Booker's charged supervised release violations, and Mr. Booker admitted to the violations. Mr. Booker apologized to the court, admitted that he had been self-medicating with illegal substances including methamphetamine, and represented that he was presently taking Risperdal and engaging in mental health treatment in detention.

The court then revoked Mr. Booker's supervised release and sentenced him to the statutory maximum, a 24-month term of imprisonment. The court justified the sentence as follows:

> The Court has considered the violation policy statements in Chapter 7 of the United States Sentencing Guideline manual now in effect and the guidelines in general. The Court views these policies and guidelines as advisory in nature for the purpose of these proceedings. Nevertheless, the Court has considered the sentencing guidelines along with all the factors set forth in Title 18, U.S.C., Sections 3553(a), which are applicable in the revocation context pursuant to Title 18, U.S.C. 3583(e), and I've done this to reach an appropriate and reasonable sentence in this case.

> Specifically, I've considered the nature and circumstances of the numerous violations and the violation conduct and the history and characteristics of Mr. Booker. Defendant has shown repeated disregard for rules and condition of his supervised release. He has continued to commit new law violations and he has illegally possessed controlled substances, which he acknowledges. He has on multiple occasions failed to report to his law enforcement contact as required by the conditions of his supervision and he has also travelled outside the district of supervision without permission of his probation officer.

> Based upon these factors, a sentence outside the advisory guideline range is necessary to serve as an adequate deterrent to this defendant as well as

others, <u>promote respect for the law, and provide just punishment for the offense</u>, and provide protection for the public.

R. Vol. 2 at 22–23 (emphasis added).  Mr. Booker appeals, arguing that the district court's reference to the need to "promote respect for the law, and provide just punishment for the offense" was reversible error in the context of a supervised release revocation proceeding.  (Aplt. B. 5.)  We agree that the district court erred, but affirm because Mr. Booker has not shown that the error affected his substantial rights.

## II.    STANDARD OF REVIEW

Because Mr. Booker did not raise this argument below, we review for plain error.  <u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 732 (10th Cir. 2005) (en banc).  Plain-error review requires Mr. Booker to "establish that (1) the district court committed error; (2) the error was plain—that is, it was obvious under current well-settled law; (3) the error affected the [d]efendant's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings."  <u>United States v. Perez-Perez</u>, 992 F.3d 970, 974 (10th Cir. 2021) (quoting <u>United States v. Dalton</u>, 918 F.3d 1117, 1129–30 (10th Cir. 2019) (alteration in <u>Perez-Perez</u>)).

## III.   DISCUSSION

A district court may revoke a term of supervised release and impose a term of imprisonment "when a person violates a condition of his or her supervised release." <u>United States v. Kelley</u>, 359 F.3d 1302, 1304 (10th Cir. 2004).  "However, in doing

5

so the district court is required to consider" a subset of the § 3553(a) sentencing factors incorporated by reference into the statute governing the modification and revocation of supervised release. Id.; 18 U.S.C. § 3583(e). Section 3583(e) provides that a district court "may" terminate, modify, or revoke a term of supervised release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e).

Notably absent from this list is § 3553(a)(2)(A), which directs courts to consider the

> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]

Section 3553(a)(2)(A) represents "retribution," one of the "four purposes of sentencing" that courts must consider when fashioning a sentence during the initial sentencing process. Tapia v. United States, 564 U.S. 319, 325 (2011).

The district court justified Mr. Booker's sentence for violation of supervised release in part as "necessary to serve as an adequate deterrent to this defendant as well as others, promote respect for the law, and provide just punishment for the offense, and provide protection for the public." R. Vol. 2 at 23. By referencing the need to "promote respect for the law, and provide just punishment for the offense," the district court quoted from § 3553(a)(2)(A), the omitted factor.

Mr. Booker argues that the district court erred by quoting from § 3553(a)(2)(A) because its omission in § 3583(e) means that district courts may not consider it when modifying or revoking a term of supervised release. In a series of

6

unpublished opinions, we have acknowledged that our circuit has not decided

whether it is error to consider this "retribution" factor when modifying or revoking a

term of supervised release.  See United States v. Lee, 650 F. App'x 948, 951 (10th

Cir. 2016) (unpublished) ("Neither the Supreme Court nor this court have decided

whether consideration of these § 3553(a)(2)(A) factors [not incorporated into

§ 3583(e)] renders a revocation sentence procedurally unreasonable."); United States

v. Miller, 608 F. App'x 707, 709 (10th Cir. 2015) (unpublished); United States v.

Douglas, 556 F. App'x 747, 750–51 (10th Cir. 2014) (unpublished); United States v.

Chatburn, 505 F. App'x 713, 716–17 (10th Cir. 2012) (unpublished).

We construe the omission in § 3583(e) of the retribution factor found in

§ 3553(a)(2)(A) to preclude a sentencing court from relying on the need for

retribution when modifying or revoking a term of supervised release and imposing a

new prison sentence for violations of supervised release.  However, we affirm

because the district court's reference to § 3553(a)(2)(A) did not affect Mr. Booker's

substantial rights.

### A.    Section 3583(e) prohibits district courts from basing a revocation sentence on § 3553(a)(2)(A).

When a sentencing statute mandates consideration of certain factors, it is

procedural error to consider unenumerated factors.  See United States v. Smart, 518

F.3d 800, 803–04 (10th Cir. 2008); cf. Navajo Nation v. Dalley, 896 F.3d 1196, 1213

(10th Cir. 2018) ("[T]he enumeration of certain things in a statute suggests that the

legislature had no intent of including things not listed or embraced." (quoting

Seneca-Cayuga Tribe of Okla. v. Nat'l Indian Gaming Comm'n, 327 F.3d 1019, 1034 & n.24 (10th Cir. 2003))).  In Smart, we held that it was procedural error for a district court to base an initial term of imprisonment on a sentencing factor not enumerated in § 3553(a).  Smart, 518 F.3d at 803–04.  By its terms, § 3553(a) requires district courts to consider those factors that were enumerated in that section of the statute.  Id.; see 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider . . . .") (emphasis added).  Because the statute "mandates consideration of its enumerated factors," we concluded that it "implicitly forbids consideration of factors outside its scope."  Smart, 518 F.3d at 803–04.

The rule from Smart applies here because § 3583(e) also requires courts to consider certain § 3553(a) factors when sentencing after a supervised release violation.  United States v. McBride, 633 F.3d 1229, 1231 (10th Cir. 2011) (noting that "[b]efore deciding whether to revoke a term of supervised release and determining the sentence imposed after revocation, the district court must consider" the § 3553(a) factors enumerated in § 3583(e) (emphasis added)); Kelley, 359 F.3d at 1304 (noting that when modifying or revoking a term of supervised release, "the district court is required to consider the factors set forth in various subsections of 18 U.S.C. § 3553(a)").  Because we read § 3583(e) to set forth those sentencing factors that courts must consider, the subsection "implicitly forbids consideration" of any other § 3553(a) factors when modifying or revoking a term of supervised release.  Smart, 518 F.3d at 803–04.  So, the omission of § 3553(a)(2)(A) from the sentencing

8

factors enumerated in § 3583(e) precludes a court from considering the need for retribution when modifying or revoking a term of supervised release.[1]

We find support for our conclusion in cases discussing § 3583(c), a similarly worded subsection that governs how a term of supervised release may be imposed. 18 U.S.C. § 3583(c).  See Nat'l Credit Union Admin. v. First Nat. Bank & Tr. Co., 522 U.S. 479, 501 (1998) ("[S]imilar language contained within the same section of a statute must be accorded a consistent meaning.").  That subsection likewise requires district courts to consider certain § 3553(a) factors, but not § 3553(a)(2)(A).[2]  In Tapia v. United States, the Supreme Court addressed § 3583(c) in dicta, noting that its import was to prohibit courts from "tak[ing] account of retribution (the first

---

[1] We note that several of our sister circuits have concluded that mere reference to § 3553(a)(2)(A) does not necessarily make a revocation sentence per se unreasonable, but that reversible error may occur when the § 3553(a)(2)(A) factor regarding retribution is the primary or predominating justification for a revocation sentence.  United States v. Lee, 650 F. App'x 948, 952 (10th Cir. 2016) (unpublished) (collecting cases); see United States v. Sanchez, 900 F.3d 678, 684 n.5 (5th Cir. 2018); United States v. Phillips, 791 F.3d 698, 701 (7th Cir. 2015); United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013); United States v. Young, 634 F.3d 233, 241 (3d Cir. 2011); United States v. Simtob, 485 F.3d 1058, 1062–64 (9th Cir. 2007).  McBride and Kelley oblige us to chart a different path.

[2] Section 3583(c) states:

The court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

(emphasis added).

purpose listed in § 3553(a)(2)) when imposing a term of supervised release." 564

U.S. 319, 326 (2011).[3]  And in Benvie, we approvingly quoted Tapia for the same

proposition.  United States v. Benvie, 18 F.4th 665, 671 (10th Cir. 2021).  We

remanded for reconsideration of four of the supervised release conditions because the

district court's justification (1) did "not sufficiently explain, even in generalized

terms, how the special conditions further the requirements of [18 U.S.C.] § 3583(d),"

and (2) may have rested on "an impermissible rationale" because the district court

justified the special conditions as "sufficiently punitive." Id.  While it is true that

neither case squarely held that § 3583(c) prohibits a court from imposing an initial

term of supervised release for purposes of retribution, they both support the

proposition that when a statute uses mandatory language to direct a court to consider

some but not all § 3553(a) sentencing factors, it is procedural error to consider an

unenumerated factor.  So, we consider both cases persuasive here.

**B.     The district court erred in sentencing Mr. Booker.**

With the foregoing established, we conclude that the district court erred in

sentencing Mr. Booker.  Our reason is straightforward: The omission of

§ 3553(a)(2)(A) from the list of sentencing factors enumerated in § 3583(e) means

that a district court may not consider the need for a revocation sentence to (1) "reflect

---

[3] This court considers itself bound by dicta from the Supreme Court almost as firmly as we are by its holdings.  See United States v. Sutton, 30 F.4th 981, 987 (10th Cir. 2022); Utah Republican Party v. Cox, 892 F.3d 1066, 1079 (10th Cir. 2018) (noting that this rule applies with particular force when the "dicta is recent and not enfeebled by later statements" (quoting Gaylor v. United States, 74 F.3d 214, 217 (10th Cir. 1996))).

the seriousness of the offense," (2) "promote respect for the law," and (3) "provide just punishment for the offense" when modifying or revoking a term of supervised release. So, when the district court concluded that "a sentence outside the advisory guideline range is necessary to . . . promote respect for the law, and provide just punishment for the offense," it necessarily erred. R. Vol. 2 at 23.

We reach our conclusion even though the bulk of the sentencing colloquy was focused on permissible considerations. We think it clear that when a defendant violates the terms of his supervised release, a district court can consider the conduct that resulted in the violations of the conditions of supervised release when deciding whether to revoke or modify the defendant's supervised release. See United States v. Simtob, 485 F.3d 1058, 1062 (9th Cir. 2007) ("To ignore the new violation underlying the revocation entirely would be to ignore a key predictor of a violator's potential for reintroduction into society without relapse."). This information is clearly relevant to assessing the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), whether a sentence is likely to deter the defendant from committing further crimes, id. § 3553(a)(2)(B), and whether the public needs to be protected from the defendant, id. § 3553(a)(2)(C). See 18 U.S.C. § 3583(e) (listing these factors as properly considered in the supervised-release revocation context); U.S.S.G. Ch. 7, Pt. A(4) (2021) ("[T]he purpose of . . . supervised release should focus on the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct.").

11

Here, the district court properly considered whether a term of imprisonment would deter Mr. Booker and others from engaging in violative conduct, the need to protect the public, the nature of Mr. Booker's post-release conduct, and the number of violations. See R. Vol. 2 at 20 ("I have never seen so many violations of supervised release . . . [Y]ou really disregarded just about every term of your supervised release. It was not successful at all."); Id. at 21 ("It sounds like you've have [sic] some history of drug use, and maybe you need some help coping with that."); Id. at 22–23 ("Defendant has shown repeated disregard for rules and condition of his supervised release. He has continued to commit new law violations and he has illegally possessed controlled substances, which he acknowledges. He has on multiple occasions failed to report to his law enforcement contact as required by the conditions of his supervision and he has also travelled outside the district of supervision without permission of his probation officer."). These are all permissible bases for revocation of the initial supervised release and resentencing and were relevant to determining (1) the extent to which Mr. Booker breached the trust of the district court, see United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005), and (2) the likelihood that Mr. Booker would successfully abide by any future supervised release conditions. See 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5); see generally U.S.S.G. Ch. 7, Pt. A (2021). But they do not cancel out the fact that the court also justified Mr. Booker's sentence in part with direct quotation to factors that may not be considered when modifying or revoking a term of supervised release.

12

The government argues that the district court did not err because the omission of § 3553(a)(2)(A) only prohibited the district court from punishing Mr. Booker again for his original offense of conviction. As our prior discussion indicates, we disagree. Here, the district court specifically justified Mr. Booker's new sentence only on his violation of the terms of supervised release when it quoted the prohibited retribution factors. Clearly, violation of the terms of supervised release may be considered by the district court in determining how to address a defendant's violation of those terms. The error here was in characterizing the new sentence, at least in part, as retributive. That would be error whether the district court was considering retribution for the original criminal conduct or for the behavior in violation of the terms of supervised release, or both.

The government also relies on United States v. Douglas, but we find that unpublished case distinguishable. 556 F. App'x 747, 750 (10th Cir. 2014) (unpublished). For one, Douglas assumed that the district court erred when it referred to "the need to punish" the defendant but concluded that any error was not plain in light of a circuit split and no binding Tenth Circuit authority. Id. at 750–51. And even though the Douglas panel expressed doubt that the district court's reference to punishment was error, it did so in part because the district court "never explicitly invoked § 3553(a)(2)(A) in its fleeting nod to punishment." Id. at 749. But that is exactly what we have here: an explicit invocation of § 3553(a)(2)(A). So, Douglas does not undermine our conclusion that the district court erred.

13

In sum, we conclude that the district court erred because it directly quoted from § 3553(a)(2)(A)—a factor it could not consider when modifying or revoking Mr. Booker's term of supervised release—when explaining the reasons for Mr. Booker's sentence.

**C.      This error did not affect Mr. Booker's substantial rights.**

Mr. Booker's appeal, however, fails at the third step of the plain-error analysis because he has not shown that the district court's error affected his substantial rights. "An error seriously affects the defendant's substantial rights . . . when the defendant demonstrates 'that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" United States v. Rosales-Miranda, 755 F.3d 1253, 1258 (10th Cir. 2014) (quoting United States v. Mendoza, 698 F.3d 1303, 1310 (10th Cir. 2012)); United States v. Cordery, 656 F.3d 1103, 1108 (10th Cir. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." United States v. Wolfname, 835 F.3d 1214, 1222 (10th Cir. 2016) (quoting Rosales-Miranda, 755 F.3d at 1258)).

Based on the record, we cannot conclude that Mr. Booker would have received a lower sentence had the district court not quoted from § 3553(a)(2)(A). To be sure, the quotation itself was error. But "a formulaic recitation of [a] statutorily enumerated sentencing factor[] supplies little indication that a court lengthened a sentence for [retributive] purposes." United States v. Collins, 461 F. App'x 807, 810 (10th Cir. 2012) (unpublished). That is especially true here, where the district court indicated that it was aware that not all § 3553(a) factors were applicable in the

revocation sentencing context. R. Vol. 2 at 22 ("Nevertheless, the Court has considered the sentencing guidelines along with all the factors set forth in [18 U.S.C. § 3553(a)], which are applicable in the revocation context pursuant to [18 U.S.C. § 3583(e)]."); see Collins, 461 F. App'x at 810.[4]

We considered a similar issue in Penn, where the district court justified a post-revocation sentence as "just punishment for [the defendant's] violation." United States v. Penn, 601 F.3d 1007, 1012 (10th Cir. 2010). We concluded that a single reference to punishment did not affect the defendant's substantial rights. Id. The court did not rely on the need for punishment in setting forth his initial reasons for the new sentence based upon violation of the terms of supervised release, and only raised it after defense counsel objected to his client receiving a high-end sentence. Id. "[B]ecause just punishment was not among the initial justifications the district court gave," we saw "no reason to conclude [the defendant's] sentence would have been different." Id.

Mr. Booker, citing Cordery, argues that because the district court referenced one impermissible factor as a reason for setting his sentence, we must conclude that "a lesser sentence [is] reasonably probable." (Aplt. B. 15; Ry. B. 8.) We disagree.

---

[4] Mr. Booker interprets the district court's remarks differently, arguing that the district court's reference to "all the factors set forth" meant that it considered every § 3553(a) factor, including § 3553(a)(2)(A). (Aplt. B. 9–10.) But we think the district court understood that not all § 3553(a) factors were applicable because it indicated that it was referring to the factors "which are applicable in the revocation context pursuant to [18 U.S.C. § 3583(e).]" R. Vol. 2 at 22. So, we disagree with Mr. Booker's interpretation of the district court's remarks.

15

In Cordery, the district court concluded that a sentence of "at least 56 months" was necessary to qualify the defendant for rehabilitative services in prison. 656 F.3d at 1105. We concluded that the resulting 56-month sentence was error, because the Supreme Court held in Tapia that courts may not impose or lengthen a sentence for rehabilitative purposes. Id. at 1106. So, we agreed that "the court's emphasis on its calculation of [treatment] eligibility suggests a reasonable probability that the sentence would have been lower without this consideration." Id. at 1108.

Unlike in Cordery, the district court in this case did not emphasize its reliance on an impermissible factor when sentencing Mr. Booker. It made a single impermissible reference to § 3553(a)(2)(A) at the end of a lengthy and specific discussion of the appropriate reasons why a statutory-maximum sentence was necessary given Mr. Booker's numerous supervised release violations and the fact that he clearly needed help to comply with the law in the future. While Mr. Booker casts the tenor of the district court's sentencing remarks as retributive, we disagree. The district court's sentencing remarks were proper and—apart from the single reference to § 3553(a)(2)(A)—focused on the sorts of considerations we expect courts to weigh when deciding whether to revoke supervised release. So, we think this case is closer to Penn than to Cordery.

We also find Farley distinguishable. United States v. Farley, 36 F.4th 1245, 1253 (10th Cir. 2022). There, the district court applied a six-level variance based on an erroneous interpretation of the guidelines. Id. We found the district court's error affected the defendant's substantial rights because it "was integral in the district

16

court's reasoning and acted as a limiting factor in how low" the court "was willing to go with Mr. Farley's sentence." Id.  But here, we have no indication that the district court would have imposed a lower sentence had it not quoted from § 3553(a)(2)(A).

Had Mr. Booker raised this objection below, we are confident that the district court would have clarified its remarks and excised the erroneous quotation before imposing the same sentence.  But because Mr. Booker "did not raise the issue when it could have been meaningfully addressed," we are constrained to review a record "that has now become set in stone." United States v. Thornton, 846 F.3d 1110, 1119 (10th Cir. 2017).  Thus, plain error review is appropriate here and under that standard, Mr. Booker's claim fails.

## IV.    CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.  We **DENY** Mr. Booker's Motion to Expedite Ruling as moot.