**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY MICHAEL SALAZAR,

    Defendant - Appellant.

No. 24-1050
(D.C. No. 1:16-CR-00022-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Anthony Michael Salazar violated the terms of his supervised release on four separate occasions. Each time the court imposed (1) a prison sentence to be followed by a term of supervised release and (2) a special condition for medication compliance and random blood tests. In the fourth revocation proceedings, he did not object to the special

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

condition, but he now challenges it on appeal.  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and reviewing for plain error, we affirm.

## I. BACKGROUND

In 2015, Mr. Salazar pled guilty to one count of failing to update his sex offender registration in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a).  The district court sentenced him to 12 months in prison and five years of supervised release.  One of his supervised release special conditions was that he "participate in a mental-health treatment program" and "take any mental-health medications as prescribed."  ROA, Vol. I at 14.  Mr. Salazar did not appeal.  Over the next eight years, Mr. Salazar violated the terms of his supervised release four times.

First, in 2017, after finding that Mr. Salazar had violated terms of his supervised release, the district court sentenced him to 60 months in prison, to be followed by five years of supervised release.  The court imposed the following special condition:

> You must remain medication compliant and must take all medications that are prescribed by your treating psychiatrist. You must cooperate with random blood tests as requested by your treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of [your] prescribed medications is maintained.

ROA, Vol. I Supp. at 18.  He did not object to this special condition, and he did not appeal.

Second, in 2021, the district court again found that Mr. Salazar had violated the terms of his supervised release.  It sentenced him to nine months in prison, to be followed

2

by five years of supervised release, and again imposed the special condition to "remain medication compliant" and cooperate with "random blood draws" as required by his treatment provider. *Id.* at 27-30. This time Mr. Salazar objected to the special condition. The district court recognized that it needed to make particularized findings of compelling circumstances for the special condition. It noted that the discharge summary from Teaching Humane Existence ("THE") treatment program said that Mr. Salazar had "refused medications" and "attempt[ed] to dictate what medications he was receiving." *Id.* at 51, 53. The court also said that Mr. Salazar's "pattern of manipulation," including manipulation "regarding his medications poses a real threat to the public." *Id.* at 54. Mr. Salazar appealed but then dismissed the appeal before filing his opening brief.

Third, in 2022, the district court again found that Mr. Salazar had violated terms of his supervised release, and imposed the same special condition. It sentenced him to 12 months in prison, to be followed by 10 years of supervised release. He did not object to the special condition and did not appeal.

Fourth, in 2023, the district court again found that Mr. Salazar had violated the terms of his supervised release. The Probation Office filed a Supervised Release Violation Report stating he (1) still had compliance issues with THE treatment, (2) was discharged from THE due to deceptive and manipulative behavior, (3) presented the same issues and risk level leading to treatment termination, and (4) used an unapproved internet device containing communications with pedophiles and inappropriate photos. The court sentenced him to 12 months in prison and 10 years of supervised release. It imposed the same special condition. He did not object to the special condition. But,

3

unlike the previous three revocations in which the court imposed the special condition, this time Mr. Salazar attempts to challenge it on appeal.

## II. **DISCUSSION**

On appeal, Mr. Salazar argues the district court erred by failing to make particularized findings to support the special condition. Aplt. Br. at 6-9 (citing, *inter alia*, *United States v. Malone*, 937 F.3d 1325, 1327 (10th Cir. 2019)). Because he failed to make this objection at the fourth revocation hearing, we review for plain error.

Plain error review requires Mr. Salazar "to establish that (1) the district court committed error; (2) the error was plain—that is, it was obvious under current well-settled law; (3) the error affected the defendant's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Booker*, 63 F.4th 1254, 1258 (10th Cir. 2023) (alterations and quotations omitted).

Even if Mr. Salazar could satisfy the first two plain error requirements, he cannot satisfy the third—that any error affected his substantial rights. "Satisfying the third prong of plain-error review . . . '[generally] means that the error must have affected the outcome of the district court proceedings.'" *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 632 (2002)). "To meet this burden, the appellant must show 'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Id.* at 733 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)). No such probability exists in this case.

4

At Mr. Salazar's second supervised release revocation proceeding, the district court made particularized findings of compelling circumstances that justified the special condition.  The record of the fourth revocation proceeding does not show that his condition or his compliance had improved.  Also, the Supervised Release Violation Report supported the special condition.  Finally, the district court stated that Mr. Salazar had been manipulative regarding his mental health treatment, had misused the internet, and had continued his history of noncompliance with sex offender treatment.  Specifically, the court found—consistent with its findings at the second revocation hearing—that Mr. Salazar might "frustrate" efforts to treat his mental health "by coming up with all sorts of objections and conditions and personal opinions about that treatment." ROA, Vol. III at 40.

For these reasons, Mr. Salazar has not met his burden to show plain error.

### III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge