**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 14, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

JARESSLY ESMERALDA REYES,

 Defendant - Appellant.

No. 25-2144
(D.C. No. 2:25-CR-03851-MIS-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.[**]
_____

Although a district court may not consider the nature and circumstances of the offense as relevant for the considerations set forth in § 3553(a)(2)(A)—"to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"—it may consider the nature and circumstances of the offense as relevant for the considerations set forth in § 3553(a)(2)(B), (C), and (D)—deterrence, incapacitation, and rehabilitation.

_____

 [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

 [**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Here, the district court revoked Defendant Jaressly Esmeralda Reyes's supervised release and sentenced her to a term of imprisonment. On appeal, Defendant contends that the district court erred by considering the prohibited retributive factors set forth in § 3553(a)(2)(A). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

The United States District Court for the Western District of Texas ("Western District") sentenced Defendant to forty-one months' imprisonment followed by three years' supervised release for importing into the United States from Mexico a controlled substance, which involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(H). Two years into her term of supervised release, law enforcement arrested Defendant in New Mexico, and the government charged her with conspiracy to commit alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(a)(v)(I). The Western District transferred her supervised release case to the United States District Court for the District of New Mexico. Probation petitioned to revoke Defendant's supervised release, citing two violations: committing another federal crime and leaving the judicial district without the permission of the court or probation officer.

The district court held a combined sentencing hearing and supervised release revocation hearing. At the hearing, Defendant admitted to the two violations in the petition. During her allocution, Defendant apologized. Addressing Defendant, the

district court observed that Defendant had a "very serious prior out of El Paso, a federal drug case." It also noted that when the prison released her, she "committed another really serious federal case, transporting people." The district court asked Defendant, "Why do you continue to commit serious crimes?" Defendant said she couldn't give the right answer but that her partner at the time influenced her. The court then confirmed that someone was paying her for committing the crimes. The district court again asked, "Why do you continue to choose to commit crimes, federal crimes?" Defendant said she couldn't say, which the district court found strange. When pressed, Defendant said the real reason was greed—she's "always wanted more." The court asked her what she planned to do about that. Defendant responded that she just needed to get away from people that are not good for her. The court asked why she didn't do that while she was on supervised release. She responded that the temptation was around but that it's different now because she has only her family.

The district court informed Defendant that it was considering an upward variance. It asked Defendant's counsel whether she would like a continuance. The court took a break and handled other cases on its docket so that Defendant and her counsel could discuss whether Defendant wished to proceed. After the break, Defendant said she wanted to move forward.

The district court proceeded to sentencing. It started with the alien smuggling case and noted that the offense level was 8 and the criminal history category was II. That produced a Guideline range of four to ten months. The district court sentenced

Defendant to six months' imprisonment followed by a supervised release term of three years.

As to the supervised release revocation, the district court announced that Defendant committed a Grade B violation and had a criminal history category of I. That yielded a Guideline range of four to ten months with a maximum statutory penalty of sixty months. The district court revoked Defendant's supervised release and sentenced Defendant to an imprisonment term of eighteen months followed by forty-two months' supervised release. The district court ordered that both the prison terms and the supervised-release terms would run consecutively to the case in which it had just sentenced Defendant for a total term of imprisonment of twenty-four months and a total term of supervised release of seventy-eight months.

In imposing the supervised release sentence, the district court considered all of the arguments from counsel on both sides and from Defendant herself. The district court said it considered the 18 U.S.C. § 3583(e) factors to impose a sentence to meet the goals of sentencing as laid out in § 3583(e). It said it imposed a sentence sufficient but not greater than necessary to comply with the purposes of sentencing on supervised release violations, including the need for the sentence imposed to afford adequate deterrence to criminal conduct. The district court said that Defendant had not been deterred from her criminal conduct—"She committed a serious federal crime, was on supervised release for that, and then committed another serious federal crime." The court said it was considering the need to protect the public from further crimes of Defendant, who had continued her criminal activity.

4

The court also considered the need to provide Defendant with educational and vocational training, as well as medical care and other treatment.  The district court considered the nature and circumstances of the offense, which was violating her supervised release by transporting undocumented people in the United States. It also considered Defendant's history and characteristics, the Guideline range, all Guideline policies, and the need to avoid unwarranted sentencing disparities.

After the district court announced its sentence, Defendant's counsel asked for a clarification.  She said that the court twice mentioned two serious crimes in a row. She asked whether the court meant it was considering the seriousness of the offense and respect for the law.  The court said that it was considering the seriousness of the violation.  It said that it's a serious violation to violate supervised release by committing another crime.  The district court expressed concern that Defendant said she never got out of the smuggling lifestyle while on supervised release.

At this point, Defendant formally objected "subjectively and procedurally" that the district court considered the factors listed in § 3553(a)(2)(A).  The district court made clear that it was not considering the seriousness of the underlying offense because another court already sentenced her for the seriousness of the underlying offense.  Rather, the district court said it was considering the nature and circumstances of the violation.  It said it was considering that Defendant "committed two serious crimes in a row as deterrence goes, in trying to deter her from committing further crimes and protect the public."

Defendant appealed the supervised release revocation hearing sentence.[1]

## II.

We review a defendant's sentence for reasonableness, "deferring to the district court under the 'familiar abuse-of-discretion standard of review.'" United States v. Martinez, 610 F.3d 1216, 1223 (10th Cir. 2010) (quoting Gall v. United States, 552 U.S. 38, 46 (2007)).  Reasonableness has both a procedural and substantive component.  Id. (citing United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008)).  Defendant challenges both procedural and substantive reasonableness on appeal.  In reviewing a sentence for procedural reasonableness, "we determine whether the district court committed any error in 'calculating or explaining the sentence.'"  Id. (quoting Alapizco-Valenzuela, 546 F.3d at 1214).  In reviewing a sentence for substantive reasonableness, we "will only overturn a sentence that is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'"  United States v. Zamora-Guerra, 169 F.4th 1026, 1031 (10th Cir. 2026) (quoting United States v. Valdez, 128 F.4th 1314, 1317 (10th Cir. 2025)).  We first address Defendant's procedural reasonableness challenge before turning to her substantive reasonableness challenge.

---

[1] Defendant filed a Motion for Expedited Briefing.  In that motion, Defendant says her projected release date is February 17, 2027, and she requests that we expedite the briefing and hearing schedule.  Because we have determined that oral argument would not materially assist in the determination of this appeal and have issued this Order & Judgment, we DENY AS MOOT Defendant's motion.

A.

Defendant argues the district court procedurally erred by relying on retribution to justify a "dramatic" upward variance. When a district court determines the length and conditions of a supervised release term, "it must 'consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).'" Esteras v. United States, 606 U.S. 185, 192 (2025) (quoting 18 U.S.C. § 3583(c)). Congress left out only two of the § 3553(a) factors from this list—notably here, (a)(2)(A)—which requires the district court to consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . ." 18 U.S.C. § 3553(a)(2)(A). The Supreme Court refers to these considerations in (a)(2)(A) as "the retributive purposes of sentencing." Esteras, 606 U.S. at 192.

In Esteras, the Supreme Court held that a district court may not consider the factors in (a)(2)(A) when imposing a sentence for the violation of supervised release. Id. at 195. We must decide whether the district court committed this error. It did not.

We first look to the objectionable language. Defendant takes issue with the following statement from the district court: "She committed a serious federal crime, was on supervised release for that, and then committed another serious federal crime." She also objects to the district court's statement: "I'm considering the seriousness of the violation, I guess, is how I should say it. It's a serious violation to violate your federal supervised release by committing another federal crime." The

last objectionable statement: "I'm especially concerned because both crimes involved smuggling, and your client has said she never really got out of that lifestyle while she was on supervised release."

Defendant asserts that the district court "clearly invoked" § 3553(a)(2)(A) by repeatedly referring to the "seriousness" of Defendant's conduct and "evincing concern for her lack of respect for the law as a justification for increasing her punishment." Defendant posits that the district court's effort to circumscribe this discussion to the seriousness of the violation rather than the underlying offense does not cure the defect because we forbid retributive sentencing in either context. She also contends that the district court's endeavor to reclassify its discussion as pertaining to the nature and circumstances of the offense fares no better. We address each contention in turn.

The mere uttering of the word "seriousness" did not mean the district court considered retributive aims in revoking Defendant's supervised release. In full context, the district court said:

> The Court's considering the 3583(e) factors to impose a sentence to meet the goals of sentencing as laid out in 3583(e). I'm imposing a sentence that's sufficient but not greater than necessary to comply with the purposes, again, of sentencing on supervised release violations, including the need for the sentence imposed to afford adequate deterrence to criminal conduct. The defendant, as pointed out by defense counsel, has not been deterred from her criminal conduct. She committed a serious federal crime, was on supervised release for that, and then committed another serious federal crime. The Court's considering the need to protect the public from further crimes of the defendant, who has continued her criminal activity.

8

The two mentions of Defendant committing "serious" crimes are sandwiched between imposing a sentence to afford adequate deterrence to criminal conduct and protecting the public from further crimes of Defendant—both expressly mentioned by the district court later when it clarified why it was imposing this sentence. "Serious" is not a "magic word" that, by itself, demonstrates the use of retributive sentencing considerations. The district court never said it was imposing the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"—the language of § 3553(a)(2)(A). The only mention of "lack of respect for the law" at the hearing came from Defendant's counsel, who told the district court that, to her, it sounded like the court was considering that factor in imposing the sentence. The district court assured her it was not.[2]

Nothing in the full context of the district court's sentencing language reflected that the district court imposed additional punishment to reflect the serious nature of Defendant's underlying conduct. Rather, the district court focused on deterrence and protecting the public. A district court does not commit error in this context by observing that a defendant has committed serious crimes in the past, has been

---

[2] Our review here is highly deferential. Martinez, 610 F.3d at 1223 (citing Gall, 552 U.S. at 46. When the district court expressly refutes the basis for an objection by, for example, explaining that it was not considering the seriousness of an offense in a prohibited manner, we accept the district court's explanation absent evidence of bad faith. United States v. Candelaria, 151 F.4th 1261, 1266 (10th Cir. 2025) (noting that "we typically take the court at its word"); United States v. Rios, No. 24-6251, 2025 WL 2964071, at *5 (10th Cir. Oct. 21, 2025) (when district court states that it considered all of the 3553(a) factors, "we generally take the court at its word").

punished for those crimes, but was not deterred from committing another crime. That factors into the need to protect the public from further crimes of the defendant—specifically referenced by the district court. Here, the district court properly invoked § 3553(a)(2)(B) and (C). It did not quote § 3553(a)(2)(A) and did not express any retributive purposes.

In Esteras, the Supreme Court did not decide whether courts may consider policy statements issued by the Sentencing Commission that sound in retribution for the violation of supervised release conditions. 606 U.S. at 194 n.5. Defendant says that we answered that question in United States v. Booker, 63 F.4th 1254 (10th Cir. 2023). In Booker, the district court said that it was sentencing outside the advisory guideline range to promote respect for the law, provide just punishment for the offense, and to deter and protect the public. 63 F.4th at 1258. In that case, we said:

> the district court specifically justified Mr. Booker's new sentence only on his violation of the terms of supervised release when it quoted the prohibited retribution factors. Clearly, violation of the terms of supervised release may be considered by the district court in determining how to address a defendant's violation of those terms. The error here was in characterizing the new sentence, at least in part, as retributive. That would be error whether the district court was considering retribution for the original criminal conduct or for the behavior in violation of the terms of supervised release, or both.

Id. at 1262. Unlike in Booker, the district court here did not rely on a retributive purpose for the original criminal conduct *or* for behavior in violation of the terms of supervised release. As we said in Booker, a district court may consider violation of the terms of supervised release in determining how to address a defendant's violation of those terms. Simply saying a violation was "serious" does not make a district

court's sentencing decision retributive—especially where, as here, the district court mentioned seriousness in reference to deterrence and public safety.

Moreover, even if the district court's initial wording referenced (a)(2)(A), the Supreme Court said in Esteras that if a defendant objects to the district court's reliance on (a)(2)(B), the district court may recognize its potential error and clarify its revocation decision to make clear it is not taking account of (a)(2)(A). 606 U.S. at 203. The Supreme Court said that a district court may explain that a stray reference to an (a)(2)(A) factor "was intended to bear on another § 3553(a) factor or merely prefatory." Id. That is exactly what happened here. When Defendant requested a clarification and objected, the district court explained that it was concerned that Defendant has never gotten out of the smuggling lifestyle while on supervised release and that it was "considering that she committed two serious crimes in a row as far as deterrence goes, in trying to deter her from committing further crimes and protect the public." Those are the factors listed in § 3553(a)(2)(B) and (C). Thus, the district court did not procedurally err in imposing Defendant's sentence.

B.

We now turn to Defendant's substantive reasonableness argument. Defendant argues that the district court did not provide sufficient explanation for why a revocation sentence of eighteen months was sufficient but not greater than necessary to achieve the sentencing goals. Defendant contends that the district court based its sentence on retribution factors and nothing in its explanation elucidated how it could impose the term without consideration of retribution. We disagree.

11

As discussed above, the district court did not consider retributive factors in deciding its sentence. In imposing the sentence, the district court considered arguments from counsel and from Defendant. The district court expressly considered the § 3583(e) factors. The district court specifically found that Defendant had not been deterred from her criminal conduct and it imposed this sentence to afford adequate deterrence to criminal conduct. Also, the district court considered the need to protect the public from further crimes of Defendant, finding that she had continued her criminal activity. The district court considered the nature and circumstances of Defendant violating her supervised release by smuggling aliens in the United States. The district court also considered Defendant's history and characteristics, the Guidelines range and policies, and the need to avoid unwarranted disparities.

After carefully considering the record, we conclude the district court adequately addressed the § 3583(e) factors and provided sufficient reasons for its upward variance—including the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Defendant.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

12